**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ELIZABETH ELLIS, AS THE CO-TRUSTEE OF THE NEIL H. ELLIS IRREVOCABLE INSURANCE TRUST – 2005, NO. 2<br><br>Plaintiff,<br><br>v.<br><br>COVENTRY CAPITAL I LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>) Case No. 08 C 03083<br>)<br>) Judge John W. Darrah<br>) Magistrate Judge Nolan<br>)<br>)<br>)<br>) |

**COVENTRY CAPITAL I LLC'S REPLY IN
FURTHER SUPPORT OF ITS
MOTION TO DISMISS AND COMPEL ARBITRATION**

The dispute between plaintiff and Coventry is subject to resolution by arbitration as provided by the plain and unambiguous arbitration clauses contained in the transaction documents. Unable to escape the inevitable conclusion that plaintiff must arbitrate her dispute, she resorts to mischaracterizing the status of proceedings before this Court and asserts subtle accusations that Coventry and its counsel violated Rule 11. [DE 20 at 2]. The applicability of the arbitration clauses can hardly be clearer. Dismissal of plaintiff's complaint is proper and an order compelling arbitration should be entered.

**I.      THERE IS NO ABUSE OF THE REMOVAL PROCESS**

Plaintiff first suggests that, by exercising its right to remove the complaint under § 1441 and then filing a motion to dismiss based on the arbitration clause, Coventry somehow conceded that federal jurisdiction does not exist here. Plaintiff's argument, with no citation to relevant authority, is intellectually dishonest. Plaintiff misinterprets what it means for a court to have and exercise jurisdiction.

Jurisdiction is the "power to decide" and must be conferred on a federal court. *Matter of Chicago, Rock Island & Pac. R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986); *Patel v. Boghra*, 2008 WL 2477695 at *2 (N.D. Ill. June 18, 2008). This Court has the power to decide the issue presented—whether the arbitration clauses apply to plaintiff's dispute and require dismissal of plaintiff's complaint as a result.

The right of removal allows a defendant to preempt a plaintiff's elected choice of forum under certain circumstances. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 450 (7th Cir. 2005) (observing a defendant's right to elect a federal forum). Plaintiff's amended complaint, which eliminated LaSalle Bank National Association ("LaSalle Bank") as a party defendant, created a right to remove that did not exist when the original complaint was filed. 28 USC §§ 1441(b); 1446(b). Coventry's choice to exercise its right to remove the amended complaint to this Court does not in any way adversely impact its argument that the claims asserted in the amended complaint are subject to arbitration. The removal to federal court and application of the arbitration clauses to this dispute are separate and independent concepts. First, this Court has diversity subject matter jurisdiction to hear this case. Second, having subject matter jurisdiction, the issue presented for consideration is whether plaintiff's dispute must be arbitrated or litigated in court. Plaintiff asserts a two-pronged objection: (1) the claims she asserted in her amended complaint fall outside the scope of the provision; and (2) Coventry is a non-signatory to the Note and Security Agreement and cannot enforce the clause in any event. Neither argument is supported by the transaction documents or applicable case law.

II.  **EACH OF PLAINTIFF'S CLAIMS FALLS WITHIN THE ARBITRATION CLAUSES**

As a threshold matter, plaintiff's reliance on Illinois law for her argument is misplaced. Federal law controls questions of arbitrability where, as here, the Federal Arbitration Act applies.

*Champions World, LLC v. U.S. Soccer Federation, Inc.*, 487 F.Supp.2d 980, 985 (N.D. Ill., 2007).

The arbitration clause in the Note and Security Agreement plainly provides that any claim or dispute arising out of or relating to the Note and Security Agreement or the related transaction documents or the relationships between the parties, including Coventry, as LaSalle Bank's agent, are to be resolved by arbitration. [DE 15, Ex. A, at 5-6; Ex. E, at 4]. This all-encompassing and not temporally limited provision evinces a clear intent to subject ***all*** disputes relating to or arising out of the transaction to arbitration, including disputes relating to the arbitratibility of the claims or disputes themselves. Plaintiff attempts to avoid this obvious conclusion by casting her claims against Coventry as independent of the Note and Security Agreement because they involve "the interrelationship between Coventry and plaintiff that existed prior to and after the execution of the Note and Security Agreement." [DE 20 at 5]. This statement is a gross mischaracterization of the facts and overlooks plain language of an unambiguous arbitration provision. The argument also overlooks that plaintiff and Coventry are signatories to a separate arbitration clause contained in the Disclosure Statement. *See* DE 15 at 4-5; 8-9.

    **A.    Plaintiff Cannot Recharacterize Her Claims to Defeat the Arbitration Clauses to Which She is Subject**

Plaintiff charges Coventry with fraud and breach of fiduciary duty in the course of executing and administering the transaction evidenced by the Note and Security Agreement. These claims are conspicuously tort oriented. It is well settled that a party may not avoid broad language in an arbitration clause by attempting to cast its complaint in tort rather than contract. *McBro Planning & Development Co. v. Triangle Electrical Constr. Co., Inc.,* 741 F.2d 342, 344 (7th Cir. 1984). Plaintiff's liberal pleading aside, the accusations levied against Coventry are so

intertwined with the loan transaction as to clearly arise out of or be related to the Note and Security Agreement. Plaintiff offers nothing to compel a different conclusion.

Plaintiff's vague assertion that interpretation of the transaction documents is not at issue is irrelevant. [DE 20 at 5]. Arbitration is not limited to interpretation of the agreement. As the arbitration provision in the Note and Security Agreement provides—*any and all disputes arising out of or relating to the Note and Security Agreement or the related transaction documents or the relationships between the parties, including Coventry, as LaSalle Bank's agent, are to be arbitrated*. [DE 15, Ex. A, at 5-6; Ex. E, at 4].

### B. Coventry is LaSalle Bank's Agent

Plaintiff's argument that her claims against Coventry are not subject to the arbitration provision because Coventry was not a signatory to that agreement ignores the plain language of the arbitration clause. The arbitration clause applies to "any claim or dispute...between you and us or our employees, **agents**, successors or assigns, which arises out of or relates to this Agreement or any related or resulting agreement, transaction or relationship (***including any such relationship with third parties who do not sign this Agreement***)." [DE 15, Ex. A at 5-6; Ex. E at 4]. (Emphasis added). This language clearly covers Coventry, which was appointed by LaSalle Bank as its agent, an appointment to which plaintiff expressly consented in the Note and Security Agreement and the Settlor Non-Recourse Security Agreement:

### CONSENT TO APPOINTMENT OF AGENT

> ***Servicing Agent.*** You acknowledge and agree that we have appointed Coventry Capital I LLC as our servicing agent under this Agreement (in such capacity, the "Servicer"). You agree to follow the instructions and directions of the Servicer under this Agreement until we notify you in writing to the contrary.

[DE 15, Ex. E at 2]. Coventry's duties as LaSalle's agent include, but are not limited to, arranging for transaction documents to be signed, servicing the loan and collateral during the

4

loan term, monitoring the status of the insured under the collateral, sending out notices under the transaction documents and facilitating the satisfaction of the loan at maturity.

Each of the cases on which plaintiff relies for an opposite conclusion, *Caligiuri v. First Colony Life Ins. Co.*, 318 Ill. App. 3d 793, 742 N.E.2d 750 (1st Dist. 2000); *Ervin v. Nokia, Inc.*, 349 Ill. App. 3d 508, 812 N.E.2d 534 (5th Dist. 2004); and *Peach v. CIM Ins. Corp.*, 352 Ill. App. 3d 691, 816 N.E.2d 668 (5th Dist. 2004) are distinguishable and inapplicable to this case, which is governed by the Federal Arbitration Act. *See Champions World, supra*. Each of these Illinois state cases considered whether a non-signatory could enforce an arbitration clause. *Caligiuri*, 318 Ill. App. 3d at 800; *Ervin*, 349 Ill. App. 3d at 510-11; *Peach*, 352 Ill. App. 3d at 696. The non-signatory in *Caligiuri* failed to provide evidence of its agency status. *Caligiuri*, 318 Ill. App. 3d at 802-03. The non-signatory in *Ervin* was expressly excluded from the arbitration clause and so could not qualify either as an agent or as a third party beneficiary. *Ervin*, 349 Ill. App. 3d at 513-14. Finally, it was the non-signatory's refusal in *Peach* to take a position on its agency status that led the court in that case to find that the non-signatory could not enforce the arbitration clause. *Peach*, 352 Ill. App. 3d at 696.

Unlike *Caligiuri*, plaintiff here expressly consented to Coventry's appointment as LaSalle's agent—a fact plaintiff notably fails to discuss. Unlike *Ervin*, Coventry is expressly referenced in one arbitration clause and is a party to the other arbitration clause. Unlike *Peach*, Coventry is not using an ambiguous status to further its own strategy.

An agent's ability to enforce an arbitration clause executed by its principal is well established. *Goldberg v. Focus Affiliates, Inc.*, 152 F. Supp. 2d 978, 982 (N.D. Ill. 2001) (Darrah, J.); *Morgan v. Kobrin Securities, Inc.*, 649 F. Supp. 1023, 1032-3 (N.D. Ill. 1986) (an arbitration clause covers non-signatories under common law contract and agency principles.)

Coventry may compel plaintiff to arbitrate given its irrefutable status as LaSalle's agent. Coventry can enforce the arbitration clause in the Note and Security Agreement even though it is not a signatory to the Agreement.

### C.  Plaintiff is Equitably Estopped from Repudiating the Arbitration Clause in the Note and Security Agreement

Plaintiff's argument overlooks that she (the signatory) may be compelled to arbitrate with a non-signatory where the signatory's claims are grounded in or intertwined with the terms of the written agreement.  *See McBro Planning*, 741 F.2d at 344; *Hughes Masonry Co., Inc. v. Greater Clark County Sch. Bldg. Corp.*, 659 F.2d 836, 838 (7th Cir. 1981); *Affymax, Inc. v. Johnson & Johnson*, 420 F. Supp. 2d 876, 881 (N.D. Ill. 2006).  *See also JLM Indus. Inc. v. Stolt-Nielsen S.A.*, 387 F.3d 163, 177-78 (2d Cir. 2004); *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 527-28 (5th Cir. 2000); *J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315, 320-21 (4th Cir. 1988).

The interdependency between plaintiff's claims against Coventry and the terms of the loan transaction is unmistakable and undeniable.  Plaintiff alleges that Coventry breached fiduciary obligations in execution and administration of the transaction.  Plaintiff attributes her default on the Note to Coventry's alleged misdeeds.  Coventry is hard pressed to envision a claim more intertwined with the terms of a written agreement that is subject to an arbitration clause.

Plaintiff also overlooks Coventry's status as a signatory to the identical arbitration clause in the Disclosure Statement.

### D.  Plaintiff Expressly Agreed to Arbitrate Disputes with Coventry

Coventry may also force plaintiff to arbitrate her dispute by virtue of its status as a signatory to its own arbitration clause.  Plaintiff separately and expressly agreed to arbitrate her disputes with Coventry in the Disclosure Statement which provides that:

> Except to the extent that any party shall seek equitable relief, all other disputes and controversies of every kind and nature between the Program Administrator and the Settlor, the Co-Trustee or the Borrower arising out of or in connection with any of the Transaction Documents, including, but not limited to, its existence, construction, validity, interpretation or meaning, performance, non-performance, enforcement, operation, breach, continuance, or termination thereof shall be submitted and settled by arbitration in accordance with the rules of the American Arbitration Association.

DE 15 at 4-5; 8-9.[1]  Plaintiff notably fails to even mention *this* arbitration clause in her response.

### III.   THE SCOPE OF ARBITRATION MUST ALSO BE ARBITRATED

Finally, plaintiff claims that she does not refuse to arbitrate.  She instead questions whether the arbitration clause applies to her claim.  But arbitrability of a claim must also be arbitrated given the undisputed existence of an agreement to arbitrate.  *Bayer Cropscience, Inc. v. Limagrain Genetics Corp., Inc.*, 2004 WL 2931284 *2 (N.D. Ill., Dec. 9, 2004) (Darrah, J); *Affymax*, 420 F. Supp. 2d at 879; *Miller v. Flume*, 139 F.3d 1130, 1135 (7th Cir. 1998) (doubts relating to the scope of the arbitration clause are resolved in favor of arbitration once it is clear that the parties agreed to arbitrate disputes between them).  Additionally, the plain language of the arbitration provisions in the Note and Security Agreement and the Disclosure Statement also make it clear that disputes regarding "the interpretation and scope of this [arbitration] clause and the arbitrability of the claim or dispute" shall be decided by binding arbitration.  [DE 15, Ex. A at 5; Ex. E at 4].

---

[1] "Program Administrator" is defined as Coventry Capital I LLC.  "Co-Trustee" is defined as Elizabeth Ellis, the plaintiff.

7

Coventry submits that there are no doubts as to the scope of the arbitration clauses here. To the extent that this Court disagrees, the arbitrator must resolve that issue.

## CONCLUSION

Dismissal of this complaint and an order compelling arbitration is proper. Plaintiff did not and cannot establish that the broad arbitration clauses do not apply to her dispute with Coventry, which necessarily arises out of and is otherwise related to the Note and Security Agreement and the transaction documents.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court grant their motion and enter an order dismissing Plaintiff's complaint without prejudice, and for such other relief as this Court deems proper.

July 31, 2008                                             Respectfully submitted,

By: _/Rosa M. Tumialán_____
One of the Attorneys for Defendant

Terrence E. Kiwala ARDC #1476548            Brian P. Brooks
Michael C. Borders ARDC# 61800620           Kyra A, Grundeman
Rosa M. Tumialán ARDC# 6226267              O'MELVENY & MYERS LLP
Dykema Gossett PLLC                                  1625 Eye Street, N.W.
10 South Wacker Drive, Suite 2300               Washington, D.C. 20006
Chicago, IL 60606-7407                                (202) 383-5300
(312) 876-1700

## **CERTIFICATE OF SERVICE**

I hereby certify that on **July 31, 2008,** I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel set forth below:

>James John Sanders   jjs@lefltd.com
>Mark L. LeFevour   mll@lefltd.com
>Stephen B. Eisenberg   sbe@lefltd.com

>*s/ Rosa M. Tumialán*