**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ELIZABETH ELLIS, AS THE CO-TRUSTEE OF THE ) | |
| NEIL H. ELLIS IRREVOCABLE INSURANCE ) | |
| TRUST – 2005, NO. 2 ) | |
| ) | Case No. 08 C 3083 |
| Plaintiff, ) | |
| ) | Judge John W. Darrah |
| v. ) | Magistrate Judge Nolan |
| ) | |
| COVENTRY CAPITAL I LLC, ) | |
| ) | |
| Defendants. ) | |

**COVENTRY CAPITAL I LLC'S RESPONSE TO
PLAINTIFF'S MOTION TO REMAND**

Coventry Capital I LLC ("Coventry") by and through its attorneys, states as follows in response to plaintiff's Motion to Remand:

This dispute centers on what plaintiff claims is a wrongful foreclosure following plaintiff's default on a non-recourse premium finance loan. Plaintiff contends that her default and the subsequent liquidation of the collateral are attributable to Coventry's fraud and breach of fiduciary duty. [DE 19]. Plaintiff's original complaint named LaSalle Bank National Association ("LaSalle Bank") and Coventry as defendants. [DE 19, Ex. 3]. That complaint was dismissed based on the arbitration clause in the transaction documents. [DE 19, Ex. 9]. Plaintiff was granted leave to amend. [DE 19, Ex. 9].

Plaintiff filed an amended complaint in the state trial court on May 16, 2008, which omitted LaSalle Bank as a party defendant and created the right to remove under §1441. Coventry exercised this right and then filed a motion to dismiss the complaint, citing the arbitration clause. [DE 14].

Plaintiff moves to remand the case to state court on a number of grounds, none of them persuasive. Plaintiff first argues that Coventry is judicially estopped from contesting remand,

since it has argued that only an arbitrator—not a court—has the power to decide the underlying merits given the parties' execution of a mandatory arbitration agreement. That argument fails the straight-face test, given the number of federal cases in this Circuit and elsewhere that have acknowledged the subject-matter jurisdiction of federal courts to decide motions to compel arbitration. (*See* Section I *infra*.) Plaintiff next argues that Coventry's removal was untimely because Coventry removed within 30 days of the order granting leave to file the operative amended complaint, but did not remove within 30 days of the date on which plaintiff sought leave to amend the complaint. That argument is inconsistent with controlling Circuit authority holding that the 30-day removal period commences when leave is granted, not when leave is requested. Plaintiff's allegation of a number of other related procedural defects is similarly meritless. (*See* Section II *infra*.) Finally, plaintiff argues that Coventry's previous participation in state-court proceedings under a prior complaint waived Coventry's right to remove at a later juncture. But plaintiff ignores the fact that the prior complaint was not removable because it asserted claims against a defendant (LaSalle Bank) that is a citizen of Illinois; only after plaintiff filed the amended complaint, which named only Coventry as a defendant, did the action become removable. Thus, there was no waiver. (*See* Section III *infra*.). For all these reasons, plaintiff's motion should be denied.

## I.    THERE IS NO JUDICIAL ADMISSION

Plaintiff first argues that Coventry made a judicial admission that this Court lacks subject matter jurisdiction in its pending motion to dismiss. Plaintiff reasons that this admission concedes that federal court is not a proper forum. Plaintiff notably cites no case law for this proposition. The absence of citation to authority is obvious—jurisdiction is the power to decide controversies, and this Court has the power to decide the issue presented—whether the arbitration clause applies to plaintiff's dispute. *Matter of Chicago, Rock Island & Pac. R.R. Co.*,

794 F.2d 1182, 1188 (7th Cir. 1986); *Patel v. Boghra*, 2008 WL 2477695 at *2 (N.D. Ill. June 18, 2008).

Simply put, this Court has diversity subject matter jurisdiction over plaintiff's complaint because: (i) plaintiff is a citizen of Connecticut; (ii) Coventry is a Delaware LLC whose members are each citizens of Pennsylvania; and (iii) and the amount in controversy exceeds $75,000. *See* Declarations of Alan H. Buerger, Constance M. Buerger and Reid Buerger attached hereto as Group Exhibit A. These undisputed facts vest this Court with jurisdiction and the authority to evaluate the propriety of Coventry's argument set out in the pending motion to dismiss regarding the enforceability of the arbitration clause. Coventry's argument for dismissal of this case in favor of arbitration is not a judicial admission that removal was improper.

## II.    THERE IS NO PROCEDURAL DEFECT THAT REQUIRES REMAND

Plaintiff next argues that Coventry's removal was untimely or otherwise procedurally defective. Neither argument warrants remand.

### A.    Coventry's Removal was Timely

Plaintiff's timeliness argument is based on the fact that it attached a *proposed* amended pleading (which it had been denied leave to file) to a response in opposition to Coventry's motion to dismiss the original state court complaint. Plaintiff contends that, because the proposed pleading was attached to a response brief, it qualifies as a "motion or other paper" that made it known to Coventry that the case was removable. Plaintiff concludes that since Coventry was aware that the complaint could be amended as of April 21, 2008, the thirty day period for removal began to run on that date. This Court should not overlook that this specious argument is unsupported by relevant citation to authority.

It is well recognized that the enabling act that creates a right of removal is not the request for leave to amend the complaint, but rather the order granting the leave to file. *Sullivan v.*

*Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998).  To accept plaintiff's argument would require a party to attempt to remove a case before such time as it is certain that a basis for removal exists. *Sullivan* at 1094.  *See also Radaszwski v. Garner*, 2002 WL 31430325 (N.D. Ill.) (Darrah, J.)

The order granting leave to amend was entered on May 12, 2008.  The amended complaint was filed on May 16, 2008.  The notice of removal was filed on May 29, 2008— seventeen (17) days after the order granting leave to file and thirteen (13) days after the amended complaint was filed.  Plaintiff's timeliness argument therefore fails.

### B.    Diversity Jurisdiction

Plaintiff next argues that the citizenship of the parties was not accurately alleged. Plaintiff's contention that this omission requires remand overlooks that a court is not obligated to remand a case where the allegation of diversity is readily cured.  *RBC Mortg. Co. v. Couch*, 274 F. Supp. 2d 965, 970 (N.D. Ill, 2003).  Coventry's corrected notice of removal asserted that plaintiff is a Connecticut "resident" rather than "citizen."  As plaintiff does not contest she is both a resident and citizen of Connecticut, any technical deficiency in the allegations of jurisdiction is not the basis for remand.

Plaintiff also contends that Coventry's citizenship was not properly alleged, although once again, plaintiff does not contest that there is and was complete diversity of citizenship.  The Notice incorrectly stated that Coventry was a Delaware "corporation" when it is a Delaware limited liability company with, as alleged, its principal place of business in Pennsylvania.  As its subsequent disclosure statement reflects, the LLC has a single member, Sandy Run Holdings LLC.  Sandy Run Holdings LLC has four members: (1) Alan H. Buerger; (2) the Buerger 2003 Family Trust (Constance M. Buerger as Trustee); (3) Alan H. Buerger 2003 Trust for Reid S. Buerger (Reid Buerger as Trustee) and (4) the Constance M. Buerger 2003 Trust for Krista L.

Buerger (Alan H. Buerger as Trustee).  Each of the members is a citizen of Pennsylvania.  *See*
Group Ex. A.

Even if plaintiff could establish any actual technical deficiencies in the removal, they
would not justify remand.  The basis for removal to this Court based on complete diversity of
citizenship was and is correct.    Nonetheless, if the allegations of jurisdiction are deemed
defective, under § 1653 "defective allegations of jurisdiction may be amended, upon terms, in
the trial or appellate court."  28 U.S.C. § 1653.  *See also Leaf v. Supreme Court of Wis*., 979 F.2d
589, 595 (7th Cir. 1992) (leave to amend defective allegations of subject matter jurisdiction
should be freely given.) *and Crumer v. Target Corp*., 2007 WL 4225735 at *1 (S.D. Ill. 2007)
(allowing an amendment to allegation of Illinois residency to reflect citizenship of Illinois).
Accordingly, if deemed necessary, Coventry seeks leave of this Court to supplement its
jurisdictional allegations to reflect that plaintiff is a citizen of Connecticut and that Coventry is a
Delaware limited liability company whose principal place of business is in Pennsylvania and
whose member is a Delaware limited liability company whose members are each citizens of
Pennsylvania.

### C.    State Court Record

Plaintiff next contends that remand is warranted because the entire state court file was not
submitted with the removal notice.  The purpose of including all state court pleadings is
"obviously intended to provide the district court with the record materials necessary to enable the
court and the litigants to delineate the issues to be tried."  *Riehl v. National Mutual Insurance
Company*, 374 F.2d 739, 742 (7th Cir. 1967).  Coventry submits that its filings accomplished this
result.  The issue to be determined by the Court is whether the dispute is subject to an arbitration
clause contained in the operative documents.  All the materials necessary for resolution of this
issue are before the Court.  *See* DE 2, 7, 15, 20 and exhibits attached thereto.  Further, plaintiff

attached the state materials to her response, which supplements, to the extent necessary, the removal papers filed by Coventry.  [DE 19, Exs. 1-9].

In sum, the omissions of which plaintiff complains are both technical and, if defective, readily curable under § 1653.  The basic purpose of §1446(a) was fulfilled and this Court and the litigants are able to discern and define the issues to be resolved in this matter.  To conclude otherwise elevates form over substance.  *Riehl* at 742.  Indeed, *Rothner v. City of Chicago*, 879 F.2d 1402 (7th Cir. 1989), a case on which plaintiff relies, noted that there is no reason why technical defects should not be allowed to be cured.  *Rothner*, 879 F.2d at 1412 n.10.

## III.    A PARTY CANNOT WAIVE A RIGHT IT DOES NOT HAVE

Plaintiff's final argument is a recast of her earlier contention that the motion to dismiss constitutes a judicial admission that a federal forum is not proper.  Simply stated, plaintiff claims that Coventry's participation in state court waived its right to remove the case to federal court when the amended complaint was filed.

Plaintiff essentially argues that Coventry's acts in February, March and April 2008 waived a right that it did not have until May 16, 2008.  Plaintiff's argument fails for the very reason that Coventry cannot have clearly and unequivocally waived a right it did not possess.

The record here is clear.  The original complaint filed in February 2008 was not subject to removal because LaSalle Bank, whose principal place of business is in Illinois, was named as a defendant.  *See* DE 19, Ex. 3; 28 U.S.C. §1446(b).  Coventry successfully defended against plaintiff's complaint by asserting that the arbitration clause required resolution of plaintiff's dispute by arbitration.  [DE 19, Ex. 9].  Plaintiff was then granted leave to amend her complaint, which amendment omitted LaSalle Bank and purported to allege new claims plaintiff believed fell beyond the scope of the arbitration clause.  [DE 19, Ex. 9].  Coventry exercised its removal rights once the amended complaint was filed.  None of Coventry's acts leading up to the filing of

the amended complaint qualify as a waiver of the right to remove.  These acts instead depict a reasonable and successful defense to plaintiff's original unremovable complaint.  *Radaszwski,* at *3.  Each of the cases cited by plaintiff is inapposite.

The Court in *Kiddie Rides USA, Inc. v. Elektro-Mobiltechnic GMBH*, 579 F.Supp. 1476 (C.D. Ill. 19840) found that the removal in that case was an improper attempt to review an adverse state court decision.  *Kiddie Rides*, 579 F.Supp. at 1480.  By contrast, there is no adverse decision here.   The trial court granted Coventry's motion to dismiss plaintiff's original complaint.  [DE 19, Ex. 9].

The defendant in *McKinnon v. Doctor's Associates, Inc.*, 769 F.Supp. 216 (E.D. Mich. 1991) filed a permissive pleading and sought affirmative relief in state court which was deemed to be a waiver of the right to remove.  *McKinnon*, 769 F.Supp. at 218-19.  The Court in *Bolivar Sand Company, Inc. v. Allied Equipment, Inc.*, 631 F.Supp. 171 (W.D. Tenn. 1986) found that the defendant's decision to pursue a motion for directed verdict and a mistrial constituted submission to state court jurisdiction such that any removal following an adverse decision would be considered an appeal of the state court's order.  Again by contrast, Coventry here defended and sought dismissal of a state court matter and chose to remove to federal court only when that right became available to it based on plaintiff's decision to amend her complaint.  The original complaint was dismissed and so cannot be characterized as an adverse order.  [DE 19, Ex. 9].  The motion for remand should be denied.

## <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, defendant Coventry Capital I LLC respectfully requests that this Court deny plaintiff's motion for remand and grant such other relief as this court deems proper.

July 31, 2008                                      Respectfully submitted,

                                                  By:   /Rosa M. Tumialán
                                                  One of the Attorneys for Defendant

Terrence E. Kiwala ARDC #1476548          Brian P. Brooks
Michael C. Borders ARDC# 61800620         Kyra A, Grundeman
Rosa M. Tumialán ARDC# 6226267            O'MELVENY & MYERS LLP
Dykema Gossett PLLC                       1625 Eye Street, N.W.
10 South Wacker Drive, Suite 2300         Washington, D.C.  20006
Chicago, IL  60606-7407                   (202) 383-5300
(312) 876-1700

## CERTIFICATE OF SERVICE

I hereby certify that on **July  31, 2008,** I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel set forth below:

James John Sanders      jjs@lefltd.com
Mark L. LeFevour   mll@lefltd.com
Stephen B. Eisenberg   sbe@lefltd.com

*s/ Rosa M. Tumialán*

# GROUP EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELIZABETH ELLIS, AS THE CO-TRUSTEE OF THE )
NEIL H. ELLIS IRREVOCABLE INSURANCE )
TRUST – 2005, NO. 2 )
                                 ) Case No. 08 C 3083
        Plaintiff, )
                                   ) Judge John W. Darrah
v. ) Magistrate Judge Nolan
                                   )
COVENTRY CAPITAL I LLC, )
                                   )
        Defendants. )
                                   )
                                   )

## AFFIDAVIT OF REID S. BUERGER

     I, Reid S. Buerger, make oath and say as follows:

1.     I am the trustee of the Alan H. Buerger 2003 Trust for Reid S. Buerger.

2.     I am a citizen of Pennsylvania and my primary residence is located at 91 Stenton

Avenue, Plymouth Meeting, Pennsylvania.

3.     I declare under penalty of perjury and upon personal knowledge that the foregoing

is true and correct.

By: _____
         Reid S. Buerger

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELIZABETH ELLIS, AS THE CO-TRUSTEE OF THE )
NEIL H. ELLIS IRREVOCABLE INSURANCE )
TRUST – 2005, NO. 2 )
           ) Case No. 08 C 3083
       Plaintiff, )
           ) Judge John W. Darrah
v. ) Magistrate Judge Nolan
           )
COVENTRY CAPITAL I LLC, )
           )
       Defendants. )
           )
           )

## AFFIDAVIT OF ALAN H. BUERGER

    I, Alan H. Buerger, make oath and say as follows:

    1.    I am the special business trustee of the Constance M. Buerger 2003 Trust for Krista L. Buerger.

    2.    I am a citizen of Pennsylvania and my primary residence is located at 8850 Montgomery Avenue, Wyndmoor, Pennsylvania.

    3.    I declare under penalty of perjury and upon personal knowledge that the foregoing is true and correct.

By: _____
    Alan H. Buerger

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH ELLIS, AS THE CO-TRUSTEE OF THE ) | |
| NEIL H. ELLIS IRREVOCABLE INSURANCE ) | |
| TRUST – 2005, NO. 2 ) | |
| ) | Case No. 08 C 3083 |
| Plaintiff, ) | |
| ) | Judge John W. Darrah |
| v. ) | Magistrate Judge Nolan |
| ) | |
| COVENTRY CAPITAL I LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## AFFIDAVIT OF CONSTANCE M. BUERGER

I, Constance M. Buerger, make oath and say as follows:

1.    I am the trustee of the Buerger 2003 Family Trust.

2.    I am a citizen of Pennsylvania and my primary residence is located at 8850 Montgomery Avenue, Wyndmoor, Pennsylvania.

3.    I declare under penalty of perjury and upon personal knowledge that the foregoing is true and correct.

By: _____
Constance M. Buerger

1