IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Elizabeth Ellis, as Co-Trustee of<br>The Neil H. Ellis Irrevocable<br>Insurance Trust-2005, No. 2<br><br>        Plaintiff,<br><br>v.<br><br>Coventry Capital I LLC<br><br><br>        Defendant. | No. 08 C 3083<br><br>Judge John W. Darrah<br><br>Magistrate Judge Nan R. Nolan |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT
OF MOTION FOR REMAND**

NOW COMES Plaintiff, Elizabeth Ellis, as Co-Trustee of The Neil H. Ellis Irrevocable Insurance Trust-2005, No. 2 by and through her attorneys, Leahy, Eisenberg & Fraenkel, Ltd., and for her Reply Brief in Support of her Motion for Remand pursuant to 28 USCA § 1447, states as follows:

**INTRODUCTION**

On May 21, 2008, Coventry Capital I LLC ("Coventry") filed its Notice of Removal of the captioned matter to federal court. On July 16, 2008, Plaintiff filed a Motion to Remand, which presented several bases for remand of this matter to the Circuit Court of Cook County, Illinois. On July 31, 2008 Coventry filed its Response Brief to the Motion for Remand. For the reasons discussed below, Coventry's Response Brief fails to present any new facts or applicable legal precedent which refutes the defects in and the waiver of its removal as argued in Ellis' Motion for Remand.

## ARGUMENT

### A. Judicial Admission

Coventry argues that that its statement in its Motion to Dismiss that this Court lacks jurisdiction is not a judicial admission which would affect its statement in its Notice of Removal that this court does have jurisdiction. The cases cited by Coventry in support of its argument, *Matter of Chicago, Rock Island & Pacific Railroad Company*, 794 F.2d 1182 (7th Cir. 1986) and *Patel v. Boghra,* 2008 WL 2477695 (N.D.Ill. 2008), are factually distinguishable and inapplicable.

Coventry has not explained the relevancy of *Matter of Chicago* and a review of the facts and holding of that case confirm its inapplicability. In *Matter of* Chicago, the Seventh circuit held that there was federal court diversity jurisdiction over a third-party claim. 794 F.2d at 1188. In *Patel,* this Court denied a defendant's 12(b)(1) motion to dismiss, but granted a 12(b)(6) motion to dismiss. 2008 WL 2477695 at *7. There is no indication that these cases involved consideration of removal, a challenge to removal based on a judicial admission in a separate pleading, or a motion to dismiss pursuant to an arbitration clause where the movant removed the matter to federal court. Thus, these cases offer no support for Coventry's position.

The fact remains that shortly after filing its notice of removal, Coventry argued that "[t]his Court lacks subject matter jurisdiction." (Doc. 15, p. 11). Accordingly, Plaintiff submits that on this basis alone, this matter should be remanded to the Circuit Court of Cook County, Illinois.

**B.     Timing and Procedural Defects**

Coventry argues that its removal was timely under 28 USC § 1446 (b) because the prescribed thirty-day limitations period did not begin to run until either (1) the entry of the order on the motion to dismiss (May 12, 2008) or (2) Coventry's filing of its Amended Complaint (May 17, 2008). Coventry's position with respect to the trigger date is flatly inconsistent with the plain text of the statute, which requires that "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, *motion*, order or other paper *from which it may first be ascertained that the case is one which is or has become removable*." 28 U.S.C. §1446(b) (Emphasis supplied).

Coventry has defended the timing of its filing by attempting to couch Plaintiff's timing argument set forth in its Motion for Remand as asserting that the state court Response Brief's request for leave to amend the complaint triggered the 30-day limitations period. This statement is misguided as Plaintiff does not contend that the request in the state court Response Brief for leave to amend the complaint served as the trigger. Rather, it was Plaintiff's unequivocal statement set forth under a separate sub-heading on the first page of the Response Brief that Plaintiff was not contesting the Motion to Dismiss with respect to LaSalle which triggered the 30-day limitations period. This statement was separate and distinct from the request to amend the complaint, which was for the purpose of adding new counts against Coventry.

*Sullivan v. Conway*, 157 F.3d 1092 (7th Cir. 1998), which Coventry cites in support of its timing argument, is distinguishable from the case at bar. In *Sullivan*, the case was removed to federal court after the trial court granted the plaintiff's amend his complaint to add federal

claims. *Id.* at 1094. The defendants filed a notice of removal more than thirty days after the filing of the motion, but less than thirty days after the entry of the judicial order granting the motion. *Id.* The plaintiff filed a motion for remand, arguing that the defendants had failed to timely file the notice of remand pursuant to 28 USC § 1446 (b). *Id.* The 7th Circuit rejected this argument on the basis that the removal of the case was dependent on the state court judge's ruling on Plaintiff's motion for leave to amend. *Id.*

Similarly, in *Radaszewski v. Garner*, 2002 WL 31230325 (N.D.Ill.), the defendant removed the matter to federal court after the state court granted Plaintiff's motion for leave to file a supplemental complaint which asserted federal issues. *Id.* at 2. The plaintiff opposed removal on the basis that the 30-day period was triggered by the filing of the motion for leave instead of the entry of the order. *Id.* Citing to *Sullivan*, this Court similarly held that the filing of the motion for leave did not trigger the limitations period because the basis for removal would be speculative until the order was entered. *Id.*

Unlike *Sullivan* and *Radaszewski*, the dismissal of LaSalle was not speculative and dependent upon a judicial order granting leave to amend the complaint. Plaintiff unequivocally stated that she was not opposing the dismissal of LaSalle. Coventry easily ascertained LaSalle's dismissal from Plaintiff's state court Response Brief's preliminary statement. Thus, the filing of the Response Brief on April 21, 2008 put Coventry on notice that the case had become removable and triggered the 30-day limitations period. By failing to file its Notice of Removal within the prescribed time period, Coventry has failed to comply with the requirements of 28 U.S.C. §1446(b).

Coventry has further requested that this Court disregard the numerous procedural defects in its Corrected Notice of Motion. Plaintiff submits that the procedural requirements of

the federal removal statute are to avoid excessive costs, undue delay, and confusion of the issues so as to ensure that the court has an opportunity to make an efficient and informed decision on the removal. After muddling its allegations of citizenship and failing to attach the appropriate documentation to its Corrected Notice of Removal, Coventry now seeks to rely on its 26(a)(1) disclosure statement and the efforts of Plaintiff in attaching the appropriate pleadings and orders to her Motion for Remand. Although federal courts are typically willing to allow parties seeking removal to amend the notice to correct procedural defects, Plaintiff submits Coventry's failure to comply with the most basic procedural requirements of the removal statute are grounds for remand.

C.   **Waiver**

Lastly, Coventry has argued that it did not waive its right to remove this matter to federal court. Courts have determined that a litigant waives it right to removal where it "seek[s] some affirmative action or relief in the state court." *Kiddie Rides USA, Inc. v. Elektro-Mobiltechnik GMBH*, 579 F.Supp. 1476, 1479 (C.D.Ill. 1980). Consequently, a party "may not, after having argued and lost an issue in state court, remove the action to federal court for what is in effect an appeal of the adverse decision." *Id.* at 1480.

The state court pleadings, Judge Maki's order on Coventry's state court Motion to Dismiss, and Coventry's actions in federal court confirm that Coventry's removal is merely an informal appeal of an adverse state court ruling. To refute this point, Coventry has attempted to mischaracterize the state court ruling on its Motion to Dismiss as favorable.

A cursory review of the state court ruling and the surrounding circumstances confirms that the ruling was adverse to Coventry. On February 27, 2008, Coventry and LaSalle filed a joint motion to dismiss Plaintiff's Complaint for injunctive relief. (See Document 19).

Coventry's primary theory was that Plaintiff's claims were subject to binding arbitration and should be dismissed pursuant to 735 ILCS 5/2-619 ("2-619"). Coventry also included a brief paragraph requesting dismissal pursuant to 735 ILCS 5/2-615 ("2-615") on the basis that Plaintiff's Verified Complaint failed to state a claim on which relief could be granted. (Document 19-7, ¶ 6). The parties then briefed the arbitration issue extensively. Since Coventry's foreclosure on the Note and liquidation of the Policy rendered the injunctive relief sought by Plaintiff in the Verified Complaint moot, Coventry agreed that a new complaint was in order and, in her Response Brief, requested leave to file a proposed amended complaint attached as an Exhibit to the Response Brief. (Document 19-3, p. 9).

After reviewing the briefs and hearing oral argument, Judge Maki denied Coventry's 2-619 motion to dismiss pursuant to the arbitration clause and granted the 2-615 motion to dismiss and granted Coventry leave to file the proposed amended complaint. (See Document 19-10, p. 5). The ruling was entirely consistent with the relief Plaintiff requested in her Response Brief. For Coventry to now attempt to couch this ruling as favorable is disingenuous and inconsistent with the positions taken by the parties in state court. If the ruling had indeed been favorable to Coventry, this matter would have been compelled to arbitration and Coventry would not now be in federal court seeking a second ruling on the same issue.

It is clear that Coventry's efforts to remove this matter to federal court are merely an attempt to re-litigate an issue that was fully briefed, argued, and ruled upon by the state court. Coventry's filing of a motion to dismiss on the same arbitration issues that were litigated in state court is indicative of its true intent in removing this matter to federal court, which is to use the removal process as a tool for informally appealing an adverse state court ruling. To allow Coventry to remove this matter would encourage further abuse of the removal process

where parties are dissatisfied with a state court ruling and desire to circumvent the state court appellate process. Such actions result in increased costs, reduced judicial economy, and are contrary to the purpose and spirit of the removal process. Accordingly, Plaintiff's motion to remand this matter to the Circuit Court of Cook County, Illinois should be granted.

## CONCLUSION

WHEREFORE Plaintiff, Elizabeth Ellis, as Co-Trustee of The Neil H. Ellis Irrevocable Insurance Trust-2005 No 2., respectfully requests that this Honorable Court grant Plaintiff's Motion for Remand to the Circuit Court of Cook County, Illinois, and for such further relief as this Court deems just and appropriate.

Respectfully Submitted,

Elizabeth Ellis, as Co-Trustee of The Neil H. Ellis
Irrevocable Insurance Trust-2005, No. 2

/s/ *Mark L. LeFevour*
One of the Attorneys for Plaintiff

Stephen P. Eisenberg (ARDC #0725358)
Mark L. LeFevour (ARDC #6204957)
James J. Sanders (ARDC #6204957)
Leahy, Eisenberg & Fraenkel, Ltd.
33 W. Monroe Street   Suite 1100
Chicago, Illinois 60603
(312) 368-4554

F:CASE\059808\12849\REPLY BRIEF – MTN FOR REMAND – FINAL.doc

## CERTIFICATE OF SERVICE

I hereby certify that on **August 14, 2008**, I caused to be filed, electronically, the foregoing document with the Clerk of the United States District Court, Northern District of Illinois for the Eastern Division, using the CM/ECF system, which sent a Notice of Electronic Filing to all CM/ECF Registered Participants on **August 14, 2008**.

| | |
|---|---|
| Terrence E. Kiwala<br>Dykema Gossett, PLLC<br>10 South Wacker Drive, Suite 2300<br>Chicago, Illinois 60606<br>(312) 876-1700<br>ID Number: 1476548<br>Email: tikiwala@dykema.com<br>*Attorney for Coventry Capital I LLC*<br><br>Michael Borders<br>Dykema Gossett, PLLC<br>10 South Wacker Drive, Suite 2300<br>Chicago, Illinois 60606<br>(312) 876-1700<br>ID Number: 61800620<br>Email: mborders@dykema.com<br>*Attorney for Coventry Capital I LLC*<br><br>Rosa M. Tumialan<br>Dykema Gossett, PLLC<br>10 South Wacker Drive, Suite 2300<br>Chicago, Illinois 60606<br>(312) 876-1700<br>ID Number: 6226267<br>Email: rtumialan@dykema.com<br>*Attorney for Coventry Capital I LLC* | A copy was also served on the below counsel by U.S. mail:<br><br>Brian P. Brooks<br>Kyra A. Grundeman<br>O'Melveny & Myers LLP<br>1625 Eye Street, N.W.<br>Washington, D.C. 20006 |

/s/ *Mark L. LeFevour*
Mark L. LeFevour
Leahy, Eisenberg & Fraenkel, Ltd.
33 West Monroe Street, Suite 1100
Chicago, IL 60603
Phone: (312) 368-4554
Fax: (312) 368-4562
E-mail: mll@lefltd.com
IL ARDC # 6204957